UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO.: 0:21-CV-61686-DPG

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

THE MOVIE STUDIO, INC.
and GORDON SCOTT VENTERS,


     Defendants.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND AMENDED MOTION TO DISMISS OR ALTERNATIVELY MOTION FOR A MORE DEFINITE STATEMENT

Plaintiff Securities and Exchange Commission ("SEC") hereby responds to Defendants

The Movie Studio ("TMS") and Gordon Scott Venters' ("Venters") Second Amended Motion to

Dismiss or Alternatively Motion for a More Definite Statement or to Strike Plaintiff's Complaint

("Motion") (DE 55).  As shown below, Defendants' motion should be summarily denied for both

procedural and substantive reasons.

### INTRODUCTION

The SEC's Complaint alleges that Defendants engaged in schemes to defraud investors and

making material misrepresentations and omissions to investors.  Defendants argue that the

Complaint should be dismissed because it is a "shotgun pleading," the Complaint's use of

pseudonyms rather than naming non-parties is improper, disgorgement relief is improper, and the

SEC's requests for disgorgement and civil penalties are time barred, among other unsubstantiated

claims.

1

As an initial matter, the Court should summarily deny the Motion because it is procedurally deficient.  Specifically, the Motion improperly combines a Motion to Dismiss or for More Definite Statements with an Answer in violation of Fed. R. Civ. P. 12.

In the event the Court considers the substance of the Motion, the Court should still deny the Motion because the Complaint states valid securities fraud claims against Defendants and satisfies the requirements for pleading fraud with particularity.  Indeed, the Complaint clearly sets forth the Defendants' roles in the offering, what actions they took, the dates when the actions were taken, and the substance of each of the alleged misrepresentations in significant detail.  In addition, contrary to Defendants' claims, the Complaint details Defendant Venters' role as a control person of TMS by virtue of his status as president and CEO of TMS and as the individual who controlled TMS's affairs.

As to the Complaint's use of pseudonyms to accommodate the privacy interests of non-parties, these persons have been disclosed to Defendants in the SEC's Initial Disclosures pursuant to Fed. R. Civ. P. 26.  Thus, Defendants have sufficient information to respond to the allegations in the Complaint.

Finally, the SEC's claim for disgorgement of the Defendants' ill-gotten gains is sufficiently pled and authorized under this SEC injunctive action.  Moreover, there is no merit to Defendants' claim that the civil remedies of disgorgement and civil penalties are barred by the statute of limitations.  Not only does the conduct underlying the claims at issue fall well within the 5 year statute of limitations period under the federal securities laws, Congress has extended the statute of limitations applicable to disgorgement to ten years in certain SEC enforcement matters, including claims arising out of fraud, such as those alleged here , as of January 1, 2021.

Accordingly, the Court should deny the Motion in its entirety.

**ARGUMENT**

**A.**     **Defendants' Motion Fails to Follow Federal and Local Procedural Rules**

The Motion is procedurally deficient as it combines a Motion to Dismiss or for More

Definite Statements with an Answer in violation of Fed.R.Civ.P. 12, which provides that a motion

to dismiss or for a more definite statement must be made before filing a responsive pleading.  Here,

Defendants have attempted to do both by filing a motion to dismiss and filing a responsive Answer

to the Complaint.  Defendants' Motion should be denied and they should be ordered to file an

Answer that complies with the Federal and Local rules of procedure. *See Leonard v. Enterprise*

*Rent a Car*, 279 F. 3d 967, fn. 6 (11th Cir. 2002) ("After answering the complaint, the defendants

filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims. Under Rule 12(b), the motions were

a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that

the complaint failed to state a claim for relief").

**B.**     **Standard of Review**

Even if the Court were to reach the substance of the Motion it should be denied on the

merits.  Contrary to the contentions made in the Motion, the SEC has clearly stated its case with

the particularity required under Federal Rules of Civil Procedure 9 and 12.  Defendants have

simply not met the high burden required to warrant dismissal under either Rule.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of

what the … claim is and the grounds upon which it rests*." Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007).  The Court must accept as true all facts alleged in the Complaint in the light most

favorable to the Commission. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057

(11th Cir. 2007).  All reasonable inferences in the Complaint must be drawn in the Commission's

favor. *Ventrassist Pty. Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1285 (S.D. Fla. 2005) ("the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merit of the plaintiff's case") (citing *Jackson v. Birmingham Bd. of Educ.*, 309 F.3d 1333, 1335 (11th Cir. 2002)).

The Court's inquiry at the motion to dismiss stage focuses on whether the challenged pleadings "give the defendant fair notice of what the… claim is and the grounds on which it rests." *McMillian v. AMC Mortgage Servs, Inc.*, 560 F. Supp. 2d 1210, 1212 (S.D. Ala. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "The proper test is whether the complaint 'contains either direct or inferential allegations respecting all material elements necessary to sustain a recovery under some viable legal theory.'" *Financial Sec. Assur. Inc., v. Stephens Inc.,* 500 F.3d 1276, 1282 (11th Cir. 2007). Thus, the threshold for withstanding a motion to dismiss based on a claim of inadequate pleading is "exceedingly low." *In the Matter of Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995).

Moreover, Rule 9(b) does not abrogate the concept of notice pleading set forth in Fed.R.Civ. P. 8(a). *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001); *SEC v. Physicians Guardian Unit Inv. Trust*, 72 F. Supp. 2d 1342, 1352 (M.D. Fla. 1999) (denying motion to dismiss). The purpose of Rule 9(b) is to ensure allegations of fraud are specific enough to provide sufficient notice of the acts complained of and eliminate those complaints filed as a pretext for discovery of unknown wrongs. *SEC v. Ginsburg*, 2000 WL1299020, at *2 (S.D. Fla. Jan. 10, 2000). Pleading fraud with particularity does not require pleading "detailed evidentiary matter." *Coquina Invs. v. Rothstein*, 2012 WL 4479057, at*12 (S.D. Fla, Sept. 28, 2012). *See also Ross v. A.H. Robins Co.*, 607 F.2d 545, 557 n.20 (2d Cir. 1979) (reversing dismissal of a private Section 10(b) action). The complaint need only provide a reasonable delineation of the underlying acts

4

and transactions constituting the fraud. *Anderson v. Transglobe Energy Corp.*, 35 F. Supp. 2d 1363, 1369-70 (M.D. Fla. 1999) (denying motion to dismiss).  A complaint pleads fraud with particularity if it alleges the substance of the fraudulent acts, who engaged in the fraud, and when the fraud occurred. *Hekker v. Ideon Grp., Inc.*, 1996 WL 578335, at*4 (M.D. Fla. Aug. 19, 1996) (denying motion to dismiss).

### C.  The Complaint Properly Pleads Fraud With Particularity

The Commission's detailed Complaint, which includes 57 paragraphs of underlying facts (identifying who, what, when, and how) satisfies the requirements for pleading fraud with particularity. *Id.*, s*ee also SEC v. Homa*, 2000 WL 1100783, at *3-4 (N.D.Ill. Aug. 4, 2000) (Commission "pleaded the who, what, when, where, and how of the fraud in sufficient detail" by setting forth the role of the various defendants in the offerings, how the securities were marketed to investors nationwide, the time frames of the offerings, and the substance of the misrepresentations).  Here, the Complaint clearly sets forth the Defendants' roles in the offering, what actions they took, the dates when the actions were taken, and the substance of each of the alleged misrepresentations in significant detail.  The Complaint details:

1. the who--Gordon Scott Venters on behalf of The Movie Studio and in his position as President and CEO;

2. the what—that TMS and Venters made numerous misrepresentation in press releases and in sales pitches to induce investments in TMS.  These misrepresentations include: a) how many movies TMS owned, b) that TMS had acquired the Arrowhead Film Library, c) that they were producing and releasing films and other production efforts, including that they owned a production studio, and their use of blockchain technology (Complaint at ¶¶ 10, 12, 13-26, 28-38);

3. the when-including specific dates of when press releases were issued and when other statements were made (Complaint at ¶¶ 16, 17, 19, 22, 23, 25, 30, 31, 34, 37); and

4. the where and how-the press releases, marketing materials and misleading statements are detailed in the Complaint. (Complaint at ¶¶ 16, 17, 19, 22, 23, 25, 30, 31, 34, 37).

The SEC has more than met its "exceedingly low burden" by clearly identifying in the Complaint the what, when, where, and how Defendants' committed fraud, thus satisfying the requirements for pleading 9(b) with particularity.

**D.   Other Individuals Need Not be Named in the Complaint**

In its Complaint, the SEC did not include the specific names of individual investors, sales agents or the alleged paramour, to keep these individuals from being publicly available so as to protect their privacy.  Such information is not needed in order for the Defendants to respond to the Complaint's allegations.  *Doe v. VPI*, No. 7:21-cv-306, 2022 U.S. Dist. LEXIS 2784 (W.D. Va. Jan. 6, 2022) (allowing use of appropriate pseudonyms for non-parties).

Indeed, the identities of the paramour, the investors, and the sales agents were already disclosed to Defendants and were included in the initial disclosures, so there is no mystery here. Defendants have all the information needed to be able to respond to the Complaints' allegations. If there is remaining confusion Defendants can request additional identifying information in discovery or respond in their Answer that they cannot respond to a specific allegation due to lack of information.

**E.   The Complaint Sufficiently Alleges a Claim under Section 20(a) of the Exchange Act of 1935 ("Exchange Act")**

Perhaps the most dubious of Defendants' contentions is that the SEC does not allege facts sufficient to prove control person liability under Section 20(a) of the Exchange Act.  To plead a violation under Section 20(a), the Commission must allege "that (1) the defendant had the power to control the general affairs of the primary violator, and (2) the defendant had the power to control the specific corporate policy that resulted in the primary violation*." Laperriere v. Vesta Ins. Group, Inc.*, 526 F.3d 715, 723 (11th Cir. 2008); *Brown v. Enstar Group, Inc.*, 84 F.3d 393, 396 (11th Cir. 1996).

6

As alleged in the Complaint:

1.  Venters is TMS' President and CEO, and at all relevant times controlled TMS. Venters also was TMS' Acting Chief Financial Officer ("CFO") until May 2020. (Complaint at ¶ 6).

2.  Venters drafted the materially false and misleading press releases himself, or authorized, provided information to, and paid third parties to issue the press releases on behalf of TMS. (Complaint at ¶ 11).

3.  Venters, and TMS' sales agents that he directed and supervised, made materially false and misleading oral and written statements, regarding TMS' ownership, production, distribution, and licensing of films.  Venters knew or was severely reckless in not knowing that the statements were false and misleading, as he oversaw TMS' day-to day operations, including signing agreements on behalf of TMS and drafting materials used by TMS' unregistered sales agents. (Complaint at ¶ 12).

4.  From August 2016 through at least March 2021, Venters has been a control person of Defendants TMS. (Complaint at ¶ 81).

Such allegations are more than adequate to establish control person liability.  *See Laperriere at* 723.

### F.  <u>The SEC Has Sufficiently Pled a Claim for Disgorgement</u>

Defendants' Motion makes several arguments as to why disgorgement should not be entered but fails to argue any basis as to why the requested relief may not be requested.  Arguments regarding whether to ultimately order such relief are premature and address issues to be determined after liability has been established.  Indeed, the proper method of calculating disgorgement has nothing to do with whether the SEC has properly pled a claim for disgorgement or has failed to state a cause of action that should be dismissed.  Thus, such allegations should be denied.

In addition, Defendants' arguments attempt to inject contested facts beyond the four corners of the Complaint.  This is inappropriate at the pleading stage and is better suited for a motion for summary judgment, or for presentation before the jury.  *See Anderson v. Transglobe Energy Corp.*, 35 F. Supp. 2d 1363, 1369-70 (M.D. Fla. 1999) ("In deciding a motion to dismiss,

the court can only examine the four (4) corners of the complaint).  Courts have previously declined to consider such evidence in similar circumstances, and this Court should likewise do so here. *Witchard v. Allied Interstate, LLC*, 2015 WL 6817163, at *2 (M.D. Fla. Nov. 6, 2015) (declining to consider extrinsic matters).

Moreover, it is well settled that the Commission may seek, and courts may order, disgorgement of ill-gotten gains in Commission injunctive actions. *SEC v. Manor Nursing Ctrs. Inc.*, 458 F.2d 1082, 1104 (2d Cir. 1972).  Indeed, Exchange Act Sections 21(d)(5) and 21(d)(7) specifically authorize courts to order disgorgement in Commission enforcement actions. 15 U.S.C. §§ 78u(d)(5) & 78u(d)(7); *see also*, *Liu v. SEC,* 140 S. Ct 1936 (2020) (upholding the authority of lower courts to order disgorgement pursuant to Section 21(d)(5) of the Exchange Act. 15 U.S.C. § 78u(d)(5)).[1]  Indeed, the Commission is entitled to disgorgement upon producing a reasonable approximation of a defendant's ill-gotten gains. *SEC v. Calvo*, 378 F.3d 1211, 1217 (11th Cir. 2004).

Contrary to the unfounded allegations in the Motion, the SEC has not brought claims against any relief defendant or sales agents, or requested disgorgement from anyone other than the Defendants.   Whether disgorgement should be ordered and the proper amount of disgorgement is an ultimate issue for the Court to determine after the submission of evidence and motions for remedies-not at the pleading stage of this action.  The only issue currently before the Court on the Motion is whether the SEC has properly plead its request for relief, which is clearly has.  *See Fed. Trade Comm'n v. IAB Mktg. Assocs., LP*, No. 12-61830, 2013 WL 11331001, at *1 (S.D. Fla. Aug.

---

[1] *After Liu,* on January 1, 2021, Congress enacted the National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283 ("NDAA"), which includes the disgorgement provision since codified at 15 U.S.C. § 78u(d)(7). The NDAA applies to "any action or proceeding that is pending on, or commenced on or after" January 1, 2021. NDAA Section 6501(b).

20, 2013) (citations omitted) (alleging that the proposed relief defendant has 'no legitimate claim' to the ill-gotten funds is sufficient to satisfy the second pleading requirement at the motion to dismiss stage of the proceeding).

### G.  The Statute of Limitations Does Not Bar the Commission's Claims

Defendants argue that any non-equitable remedies, including penalties and disgorgement, requested by the SEC for conduct arising prior to five years from the filing date of the Complaint must be dismissed as outside the permissible statute of limitations.   Defendants' statute of limitations argument should be summarily rejected.

Defendants' argument that the statute of limitations bars the SEC's disgorgement and civil penalty remedies is in reality an affirmative defense.  Plaintiffs are typically entitled to discovery on the factual bases of a defendant's affirmative defenses. See Fed. R. Civ. P. 26(a)(1)(A), b(1) (documents and witnesses used to support a party's defenses must be produced in discovery); *Davignon v. Clemney,* 322 F.3d 1, 15 (1st Cir. 2003) (plaintiffs entitled to adequate notice of affirmative defenses so they can develop evidence on such defenses).  While an affirmative defense like the statute of limitations may be raised by a defendant on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "it is equally well settled that, for dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be clear 'on the face of the plaintiff's pleadings'" and the complaint must "leave no doubt" that the plaintiff's claims are barred by the affirmative defense. *Blackstone Realty LLC v. Fed. Deposit Ins. Corp.,* 244 F.3d 193, 197 (1st Cir. 2001) (vacating district court judgment granting 12(b)(6) motion on affirmative defense of statute of frauds).

The Complaint, filed on August 13, 2021, refers to events that occurred between August 2016 to March 2021, which would fall within any five-year limitations period.  Thus, Defendants cannot show that the facts clearly bar the Commission's claim on the face of the Complaint.

In addition, in this action, the SEC seeks an injunction, disgorgement, and civil penalties. Congress expanded the scope of certain of SEC statute of limitations in the NDAA on January 1, 2021.  The NDAA now provides that "[t]he Commission may seek a claim for any equitable remedy, including for an injunction or for a bar, suspension, or cease and desist order, not later than 10 years after the latest date on which a violation that gives rise to the claim occurs." 15 U.S.C. §78u(d)(8)(B).  The NDAA also expressly permits disgorgement going back 10 years pursuant to Section 21(d)(8) of the Exchange Act, and it applies retroactively. NDAA §6501(b); Exchange Act Section 21(d)(8) [15 U.S.C. §78u(d)(8)]; *see also SEC v. Navellier & Assoc's, Inc.*, 2021 WL 5072975, at *4 (D. Mass. Oct. 28, 2021) ("[a]s of January 1, 2021, the statute of limitations applicable to disgorgement in this case has been changed to ten years").  Thus, the Defendants' arguments that any part of the Complaint should be dismissed due to an inapplicable statute of limitations period should be denied.

## CONCLUSION

For the reasons stated herein, the Commission respectfully requests that the Court deny Defendants' Motion to Dismiss.

May 15, 2023                                             Respectfully submitted,

s/**Alise Johnson**
Alise Johnson, Esq.
Senior Trial Counsel
Florida Bar No. 0003270
Direct Dial: (305) 982-6385
Email:johnsonali@sec.gov

Pascale Guerrier, Esq.
Senior Trial Counsel
Fla. Bar No. 22590
Direct Dial: (305) 982-6381
Email:guerrierp@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE
COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
(305) 982-6300

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se*, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

BY:   s/ *Alise Johnson*
      Alise Johnson