UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61686-GAYLES/STRAUSS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,
v.

THE MOVIE STUDIO, INC., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

THIS MATTER came before the Court upon Plaintiff's Motion to Strike Defendants' Affirmative Defenses ("Motion") [DE 76]. I have reviewed the Motion and all other pertinent portions of the record.

As an initial matter, the Motion should be granted by default. Under the Local Rules, "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1). Because the Motion was filed on October 6, 2023, Defendants were required to respond to the Motion by October 20, 2023. However, they failed to do so. Therefore, on October 22, 2023, I entered an Order [DE 81] warning Defendants that if they failed to file their response to the Motion by October 25, 2023, the Motion may be granted by default pursuant to Local Rule 7.1(c)(1). Notwithstanding that warning (and

---

[1] This case has been referred to me for a ruling on all pre-trial, non-dispositive matters and a report and recommendation on all dispositive matters [DE 65].

the additional time Defendants were afforded to file a response), Defendants have still failed to file a response to the Motion. Accordingly, the Court should grant the Motion by default.

Moreover, based on my review of the Motion, Defendants' Affirmative Defenses [DE 74], and applicable law, I find that granting the Motion is appropriate, particularly without the benefit of a response (which Defendants failed to file despite having ample opportunity to do so). As this Court has explained:

> An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense. Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. A district court has broad discretion when it considers a motion to strike under Rule 12(f). Under this standard, an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law. A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.

*GPM Indus., Inc. v. U.S. Citizenship & Immigr. Servs.*, No. 21-CIV-24007, 2022 WL 4181544, at *1 (S.D. Fla. Sept. 13, 2022) (Gayles, J.) (internal citations and internal quotation marks omitted).

The Motion seeks to strike all 173 affirmative defenses that Defendants assert in their Answer [DE 74]. In the Motion, Plaintiff separates Defendants' Affirmative Defenses into three categories: (1) statute-of-limitations defenses; (2) estoppel defenses; and (3) all other defenses. Each category is discussed in turn.

First, Plaintiff argues that all statute-of-limitations affirmative defenses – affirmative defenses 1, 25, 33, 41, 52, 62, 68, 90, 118, 130, 136, 143, and 173 – should be stricken. When the Court previously denied Defendants' Motion to Dismiss, it rejected Defendants' argument that dismissal on statute-of-limitations grounds was appropriate. *See* [DE 67] at 12-13; [DE 69]. However, because the argument was before the Court on a motion to dismiss, Defendants'

argument was rejected on the basis that, at a minimum, it is not apparent from the face of the Complaint that Plaintiff's claims are time-barred. Nonetheless, I observed (in recommending denial of the motion to dismiss) that nearly all of the relevant conduct alleged in the Complaint occurred on or after August 16, 2016 (just under 5 years before the filing of the Complaint). Moreover, I noted that the counts in the Complaint indicate that the events giving rise to the claims in this case occurred no earlier than August 2016. *See* Complaint ¶¶ 60, 63, 66, 69, 72, 75, 78, 81, 82. While I did not definitively rule out the possibility of a statute-of-limitations defense at the time – doing so was unnecessary in light of the standard that applies to motions to dismiss – Plaintiff now seeks to have the Court determine that Defendants cannot maintain a statute-of-limitations defense. Plaintiff argues that the Complaint demonstrates that all of Plaintiff's claims accrued within five years of the filing of this case. Additionally, Plaintiff contends that the applicable statute-of-limitations was increased from five to ten years for at least some of Plaintiff's claims. Ultimately, based on the allegations of the Complaint and Plaintiff's arguments in the Motion, and without the benefit of a response to the Motion from Defendants, I agree with Plaintiff that Defendants have failed to show that they can even possibly maintain a statute-of-limitations defense. In other words, Defendants' statute-of-limitations defenses appear to be clearly invalid as a matter of law in the context of this case (something Defendants have failed to refute by not filing a response to the Motion). Therefore, striking Defendants' statute-of-limitations defenses is appropriate.

Second, Plaintiff argues that all affirmative defenses raising estoppel – 8, 34, 73, 78, 95, and 148 – should be stricken. In their estoppel defenses, Defendants simply state, without more, that Plaintiff is estopped from pursuing its claims in this case due to Plaintiff's "prior actions or representations." Thus, such defenses are bare-bones and conclusory. Moreover, it is questionable

at best whether estoppel is available as a defense against the government in a civil action. *See U.S. Commodity Futures Trading Comm'n v. S. Tr. Metals, Inc.*, 894 F.3d 1313, 1323 (11th Cir. 2018). And even if available, the defense would require "affirmative and egregious misconduct." *Id.* Given that Defendants' estoppel defenses are bare-bones and conclusory defenses that fail to identify any of the alleged "prior actions or representations," Defendants have failed to provide any suggestion that they can maintain an estoppel defense against Plaintiff (even assuming such a defense could be maintained against Plaintiff in this action). Therefore, Defendants' estoppel defenses should be stricken.

Third, Plaintiff argues that all remaining affirmative defenses should be stricken because "they are vague, lack supporting facts, and . . . make bare-bones, conclusory allegations, without factual support and without giving any indication of how they would excuse the Defendants from a judgment against them." Motion at 6. Having reviewed Defendants' affirmative defenses, I agree with Plaintiff's characterization. And as noted above, "an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations." *GPM Indus.*, 2022 WL 4181544, at *1.

## **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 76] be **GRANTED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this

Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 27th day of October 2023.

Jared M. Strauss
United States Magistrate Judge