UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61686-GAYLES/STRAUSS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

THE MOVIE STUDIO, INC., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

THIS MATTER came before the Court upon Plaintiff's Motion to Strike Defendants' Amended Affirmative Defenses ("Motion") [DE 109]. I have reviewed the Motion, the response and reply thereto [DE 119, 131], and all other pertinent portions of the record.

As this Court has explained:

> An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense. Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. A district court has broad discretion when it considers a motion to strike under Rule 12(f). Under this standard, an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law. A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.

*GPM Indus., Inc. v. U.S. Citizenship & Immigr. Servs.*, No. 21-CIV-24007, 2022 WL 4181544, at *1 (S.D. Fla. Sept. 13, 2022) (Gayles, J.) (internal citations and internal quotation marks omitted).

---

[1] This case has been referred to me for a ruling on all pre-trial, non-dispositive matters and a report and recommendation on all dispositive matters [DE 65].

The Motion seeks to strike all of Defendants' amended affirmative defenses other than Defendants' second and eighth affirmative defenses. In the Motion, Plaintiff separates the affirmative defenses it seeks to strike into three categories: (1) statute-of-limitations defenses; (2) estoppel defense; and (3) other defenses. Each category is discussed in turn.

### A. STATUTE OF LIMITATIONS

Plaintiff argues that all statute-of-limitations affirmative defenses should be stricken. Plaintiff indicates that both affirmative defenses 4 and 9 are statute-of-limitations defenses. However, while 9 (and certain other defenses) does mention the statute of limitations in passing, 4 appears to be the only defense that addresses the statute of limitations in anything more than a perfunctory manner. At any rate, I agree that Defendants' statute-of-limitations defense(s) is invalid as a matter of law. Therefore, affirmative defense number 4 should be stricken (and any other defenses purporting to raise a statute-of-limitations defense should be stricken to the extent they rely upon such a defense).

The Court has already addressed the statute-of-limitations issue on two occasions – first in the context of a motion to dismiss and second in the context of a prior motion to strike Defendants' affirmative defenses (which have since been amended). When the Court previously denied Defendants' Motion to Dismiss, it rejected Defendants' argument that dismissal on statute-of-limitations grounds was appropriate. *See* [DE 67] at 12-13; [DE 69]. However, because the argument was before the Court on a motion to dismiss, Defendants' argument was rejected on the basis that, at a minimum, it is not apparent from the face of the Complaint that Plaintiff's claims are time-barred. Nonetheless, I observed (in recommending denial of the motion to dismiss) that nearly all of the relevant conduct alleged in the Complaint occurred on or after August 16, 2016 (just under 5 years before the filing of the Complaint). Moreover, I noted that the counts in the

Complaint indicate that the events giving rise to the claims in this case occurred no earlier than August 2016. *See* Complaint ¶¶ 60, 63, 66, 69, 72, 75, 78, 81, 82.

At the time I issued my Report and Recommendation [DE 67] on Defendants' motion to dismiss, I did not definitively rule out the possibility of a statute-of-limitations defense – doing so was unnecessary in light of the standard that applies to motions to dismiss. However, in the context of a subsequent motion to strike affirmative defenses, I found that striking Defendants' statute-of-limitations defense was appropriate. *See* [DE 82]. Defendants have since amended their affirmative defenses, and Plaintiff now seeks to strike Defendants' amended statute-of-limitations defense(s).

Plaintiff contends that the statute-of-limitations is 5 years for certain claims and 10 years for other claims, and Plaintiff reiterates, as I previously noted, that virtually all of the conduct described in the Complaint occurred within the 5 years preceding the filing of the Complaint. According to Plaintiff, Defendants' statute-of-limitations defense references only two events that occurred more than 5 years before the filing of this case. Those events, which occurred roughly 5 years and 3 months before this case was filed, involved Defendants allegedly making false or misleading statements regarding the acquisition of the Arrowhead Library by the corporate Defendant, The Movie Studio, Inc. *See, e.g.*, Complaint ¶ 16. However, Plaintiff notes in the Motion that the Complaint alleges that Defendants continued to make false and misleading statements regarding the acquisition of the Arrowhead Library through at least 2020. Defendant only offers a brief response to Plaintiff's statute-of-limitations argument, arguing that their amended statute-of-limitations defense is only raised with respect to claims predicated on actions occurring prior to August 2016. *See* [DE 119] at 6.

3

However, Defendants' response fails to take into account Plaintiff's argument that it has alleged a continuing course of conduct, specifically that Defendants allegedly made misrepresentations regarding the acquisition of the Arrowhead Library through at least 2020 (including within months of this case being filed). And that is significant because a claim is not time-barred when at least some of the relevant conduct occurs within the limitations period. *See Sec. & Exch. Comm'n v. Keener*, 580 F. Supp. 3d 1272, 1291-92 (S.D. Fla. 2022); *Sec. & Exch. Comm'n v. Almagarby*, 479 F. Supp. 3d 1266, 1271 (S.D. Fla. 2020). Moreover, as noted above, every count of the Complaint is predicated on conduct occurring during or after August 2016 (i.e., within the limitations period). Therefore, Defendants' statute-of-limitations defense(s) is invalid as a matter and should be stricken.

Furthermore, much of the parties' dispute seems to center on whether Plaintiff's prayer for disgorgement is time-barred. In fact, Defendants' Fourth Affirmative Defense points to a Supreme Court case in stating that Plaintiff's claims are subject to a 5-year statute of limitations. *See Kokesh v. S.E.C.*, 581 U.S. 455 (2017). In *Kokesh*, the Supreme Court held that a disgorgement claim in an SEC enforcement action is subject to the 5-year statute of limitations under 28 U.S.C. § 2462 and that such a claim must therefore be commenced within 5 years of accrual. *Kokesh*, 581 U.S. at 467. However, in 2021 (after *Kokesh*), Congress added 15 U.S.C. § 78u(d)(8), which applies in this case. *See Sec. & Exch. Comm'n v. Ibrahim Almagarby*, 92 F.4th 1306, 1320 (11th Cir. 2024); *Sec. & Exch. Comm'n v. Hallam*, 42 F.4th 316, 335 (5th Cir. 2022). That section is significant because it permits the SEC to bring a disgorgement claim within either 5 or 10 years "*after the latest date of the violation* that gives rise to the action or proceeding in which the [SEC] seeks the claim occurs." § 78u(d)(8)(A) (emphasis added). Whether the limitations period is 5 or 10 years depends on which securities law was allegedly violated. *See id.* While the limitations period is

4

10 years for most claims in this case[2] and 5 years for others, what is most significant is that the latest date of the alleged violation for every count of the Complaint was less than 5 years before this case was filed. Thus, even if the 5-year limitations period under § 78u(d)(8)(A) applied to each claim in this case, it would not bar Plaintiff's claims given that the SEC "filed suit within five years of [Defendants'] latest culpable act." *Almagarby*, 92 F.4th at 1320.

For the foregoing reasons, Defendants' statute-of-limitations defense(s) should be stricken.

**B. ESTOPPEL**

Plaintiff argues that Defendants' affirmative defense of estoppel – affirmative defense number 68 – should be stricken. The Court previously struck Defendants' estoppel defenses as bare-bones and conclusory but provided Defendants leave to amend their affirmative defenses. In their amended estoppel defense, Defendants allege that Plaintiff engaged in egregious misconduct both prior to and during the pendency of this case by: (1) conducting discovery outside of this case; (2) conducting a pre-suit investigation for a year and a half before filing suit; and (3) not amending the complaint in this case even though certain depositions revealed information contrary to Plaintiff's allegations. Beyond that, Defendants deny various allegations of the Complaint and take issue with Plaintiff relying on information provided by an alleged whistleblower.

As I explained when I previously recommended striking Defendants' estoppel defenses, it is questionable at best whether estoppel is available as a defense against the government in a civil action. *See U.S. Commodity Futures Trading Comm'n v. S. Tr. Metals, Inc.*, 894 F.3d 1313, 1323

---

[2] The 10-year limitations period applies to violations of 15 U.S.C. §§ 78j(b), 77q(a)(1), 80b-6(1), and "any other provision of the securities laws for which scienter must be established." § 78u(d)(8)(A)(ii); *see also United States Sec. & Exch. Comm'n v. Ahmed*, 72 F.4th 379, 396 (2d Cir. 2023) ("[T]he authorization of a ten-year statute of limitations under § 78u(d)(8)(A)(ii) is best understood as expressly overruling *Kokesh*'s five-year statute of limitations as to certain securities violations.").

5

(11th Cir. 2018). And even if available, the defense would require "affirmative and egregious misconduct." *Id.*

Here, even assuming that estoppel is available as a defense, Defendants have not alleged anything that comes close to "affirmative and egregious misconduct" (notwithstanding Defendants' use of these buzz words in the defense). First, with respect to Defendants' insinuation that it was improper for Plaintiff to conduct discovery outside of this litigation, it is wholly unclear from the affirmative defense what Plaintiff allegedly did in this regard or how Plaintiff allegedly acted improperly. Second, I am hard-pressed to see how a delay in bringing a lawsuit (that was brought within the statute-of-limitations) can be considered affirmative and egregious misconduct. In fact, even greater delays by the SEC in seeking relief will not give rise to an estoppel defense. *Cf. S.E.C. v. Silverman*, 328 F. App'x 601, 605 (11th Cir. 2009) (rejecting estoppel defense where SEC waited 4 years after entry of consent judgments to file disgorgement motion). Regardless, nothing alleged in Defendants' Sixty-Eighth Affirmative Defense comes even close to showing that an estoppel defense is even potentially available here. Simply stated, Defendants' assertion that Plaintiff engaged in "affirmative and egregious misconduct" – based upon the facts alleged in Defendants' Sixty-Eighth Affirmative Defense – is patently frivolous.

Moreover, Defendants' estoppel defense is also legally insufficient for an additional reason. That is, in addition to alleging affirmative and egregious misconduct by the government, Defendants are also required to allege the traditional elements of estoppel, including reasonable reliance on representations made by the government. *See S. Tr. Metals, Inc.*, 894 F.3d at 1323; *Gibson v. Resol. Tr. Corp.*, 51 F.3d 1016, 1025 (11th Cir. 1995); *United States v. Killough*, 848 F.2d 1523, 1526 (11th Cir. 1988); *Graham v. S.E.C.*, 222 F.3d 994, 1007 (D.C. Cir. 2000). However, aside from expressing disagreement with certain allegations of the Complaint,

6

Defendants' Sixty-Eighth Affirmative Defense does not allege any specific misrepresentations made by Plaintiff on which Defendants relied (reasonably or otherwise). Therefore, Defendants' estoppel defense should be stricken.

### C. OTHER DEFENSES

Third, Plaintiff argues that all remaining affirmative defenses (1, 3, 5-7, 9-67) should be stricken because they are vague, bare-bones, nonsensical, and/or mere denials. As an initial matter, affirmative defense numbers 25-27, 41-49, 52-56, 60-64, 66, and 67 should be stricken as bare-bones and conclusory. Most of these defenses merely refer back to one or more other defenses and, significantly, do not even contain a single complete sentence. The few that do contain a complete sentence are still bare-bones and conclusory. Regarding Defendants' remaining affirmative defenses, most should be stricken as discussed herein.

**First Affirmative Defense:** Defendants' First Affirmative Defense relies on 15 U.S.C. § 78u-5(c)(1)'s safe harbor for forward-looking statements. However, this provision only applies in private actions, not SEC enforcement actions. *Sec. & Exch. Comm'n v. Strategic Glob. Invs., Inc.*, 262 F. Supp. 3d 1007, 1021 (S.D. Cal. 2017); *Sec. & Exch. Comm'n v. Thompson*, 238 F. Supp. 3d 575, 602 (S.D.N.Y. 2017); *Sec. & Exch. Comm'n v. E-Smart Techs., Inc.*, 74 F. Supp. 3d 306, 324 (D.D.C. 2014). Therefore, Defendant's First Affirmative Defense should be stricken.

**Third Affirmative Defense:** This defense raises an absence or lack of scienter as to Plaintiff's claims under Section 17(a)(1) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5. Because scienter is an element of these claims, *see S.E.C. v. Merch. Cap., LLC*, 483 F.3d 747, 766 (11th Cir. 2007), Defendants' Third Affirmative Defense is a mere denial. Therefore, it should be stricken.

**Fifth Affirmative Defense:** Defendants raise a puffery defense. Plaintiff characterizes this defense as a denial but provides very little argument as to why this is a simple denial rather than an affirmative defense. At any rate, at this stage, I cannot conclude that puffery constitutes a legally insufficient affirmative defense, particularly given that the Eleventh Circuit has characterized the "puffery defense" as "a particularly good fit in the securities context." *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1319-20 (11th Cir. 2019). Therefore, the Court should not strike this defense.

**Sixth Affirmative Defense:** Defendants entitle this defense "industry parlance" and assert, *inter alia*, that the alleged misrepresentations "were not likely to mislead a reasonable person investing in a movie production company." I agree with Plaintiff that this is a mere denial. It denies that the alleged misrepresentations were material, and materiality is an element of Plaintiff's claims under Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5. *See Merch. Cap.*, 483 F.3d at 766 (noting that these claims require "*material* misrepresentations or *materially* misleading omissions" (emphasis added)). Therefore, Defendants' Sixth Affirmative Defense should be stricken.

**Tenth Affirmative Defense:** Defendants entitle this defense "securities were not offered or sold." However, as Plaintiff argues, this defense merely denies an element of Plaintiff's claim under Section 5 of the Securities Act. *See Sec. & Exch. Comm'n v. Levin*, 849 F.3d 995, 1001 (11th Cir. 2017) (noting that one element the SEC must prove is that the defendant sold or offered to sell securities). In their response, Defendants solely argue that this defense "specifies the exemptions and factual basis including Defendants conduct." [DE 119] at 10. While the defense does convolutedly address an exemption, that exemption is already the subject of Defendants' Eighth Affirmative Defense, which Plaintiff is not seeking to strike. Thus, Defendants' Tenth

8

Affirmative Defense, to the extent it is not solely a denial, is duplicative. Therefore, it should be stricken.

**Eleventh Affirmative Defense:** This defense is entitled "lack of violations" and purports to deny that Defendants violated the securities law that Plaintiff alleges Defendants violated. Thus, as Plaintiff argues, the defense appears to be a denial and should, therefore, be stricken. Although the defense recites numerous rambling allegations, at least certain of the allegations already appear to be the subject of various other defenses. Moreover, the rambling allegations run afoul of Rules 8 and 10 of the Federal Rules of Civil Procedure.

**Thirteenth Affirmative Defense:** Defendants entitle this defense "no material misrepresentation." Following the title, Defendants ramble for over 2 pages, including some content connected to the title of the purported defense, other seemingly unrelated content, and certain allegations that are already the topic of earlier defenses. At any rate, the defense appears to primarily be a denial (as Plaintiff asserts) given that one element of Plaintiff's claims under Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5 is "material misrepresentations or materially misleading omissions." *Merch. Cap.*, 483 F.3d at 766. Beyond that, the defense is pled in a shotgun fashion given that it is "replete with conclusory, vague, and immaterial facts not obviously connected to" the defense. *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021). In their response, Defendants contend that this defense (and others) incorporate facts from other earlier defenses. While true that the defense repeats certain facts alleged in earlier defenses, Defendants have failed to explain how the defense is not a denial (which it clearly appears to be). Nor have they explained why repeating factual allegations already contained in earlier defenses somehow transforms what appears to be a denial into an affirmative

defense. Because the Thirteenth Affirmative Defense purports to deny an element of Plaintiff's claims and is pled in a shotgun fashion, it should be stricken.

**Fourteenth Affirmative Defense:** This defense is entitled "lack of control." Plaintiff argues it is a denial that should be stricken. Defendants solely respond that they have included two pages of "necessary facts." Based on my review of the defense, it appears to be a denial and fails to provide fair notice of some other legally sufficient affirmative defense. Therefore, the Fourteenth Affirmative Defense should be stricken.

**Fifteenth Affirmative Defense:** Defendants entitle their Fifteenth Affirmative Defense "Waiver of Liability" and state, *inter alia*, that they were not "required to have a waiver of Liability or Board of Directors Insurance as a development stage Company" and that "Defendant's principal is granted Immunity under the Corporate Shield as long as the principal acted fiduciarily in the best interest of the shareholder and without scienter." [DE 100] at 35. In the Motion, Plaintiff states that the defense has no bearing on the allegations in the Complaint and that Plaintiff "is at a loss at what Defendants are claiming." [DE 109] at 11. Defendants respond that defense number 15 "does allege legal basis including corporate shield sand [sic] venters behavior and it is relevant to the SEC holding Venters personally responsible for TMS actions." [DE 119] at 11. Like Plaintiff, I am at a loss as to what Defendants are trying to state in their Fifteenth Affirmative Defense (which is not at all clarified by Defendants' response to the Motion). Thus, the defense fails to provide Plaintiff (and the Court) fair notice regarding the nature of the defense. *See MidAmerica C2L Inc. v. Siemens Energy Inc.*, No. 20-11266, 2023 WL 2733512, at *16 (11th Cir. Mar. 31, 2023) (noting that a defendant must "affirmatively state" an affirmative defense, which "requires, at the minimum, putting the plaintiff on notice of the nature of the defense"). Because the Fifteenth Affirmative Defense clearly fails to provide the requisite notice, it should be stricken.

10

**Sixteenth and Thirty-Seventh Affirmative Defenses:** These defenses are entitled "no causation" and purport to deny the existence of causation and damages. Plaintiff asserts that the defenses are denials. Defendants respond that they have incorporated facts and that the defenses are legally sufficient. Ultimately, while I agree that the defenses are denials (of causation and/or damages), the defenses should be stricken for an even more significant reason. That is, causation and damages are only elements for 10(b) claims brought by private plaintiffs, not the SEC. *See S.E.C. v. Goble*, 682 F.3d 934, 943 (11th Cir. 2012) ("Because this is a civil enforcement action brought by the SEC, reliance, damages, and loss causation are not required elements.").

**Seventeenth and Fifty-Seventh Affirmative Defenses:** The Seventeenth Affirmative Defense is entitled "Constitutional Rights," and the Fifty-Seventh is entitled "First Amendment." In the Motion, Plaintiff argues that these defenses "allege vague 'Constitutional Rights' but other than mentioning the Seventh Amendment right to a jury (which the Defendants are being afforded here) and the First Amendment, Defendants do not state how any right was violated." [DE 109] at 10. Defendants respond that "both allege very specific facts more than just mentioning the Seventh Amendment right to a jury (which the SEC is trying to avoid giving the Defendants here) and the First Amendment, Defendants do state how any right was violated." [DE 119] at 11. Simply stated, neither purported defense gives any indication how Plaintiff allegedly violated Defendants' constitutional rights. Rather, both defenses appear to be patently frivolous and clearly invalid as a matter of law. Therefore, they should be stricken.

**Twentieth Affirmative Defense:** This defense, entitled "No Violation of Antifraud Provision," appears to be a denial. It denies, *inter alia*, that Defendants made any material misrepresentations. At a minimum, it fails to provide fair notice of any legally sufficient affirmative defense. Therefore, Defendants' Twentieth Affirmative Defense should be stricken.

**Twenty-Third Affirmative Defense:** In this defense, Defendants allege that they have no predisposition to violate the securities laws and they deny that the individual defendant has ever violated securities laws. This defense is clearly invalid – as an affirmative defense – as a matter of law. Therefore, it should be stricken.

**Twenty-Fourth Affirmative Defense:** Defendants entitled this defense "Lack of Jurisdiction as to 5(a) and 5(c)." Plaintiff asserts that the defense "seemingly alleges the SEC lacks jurisdiction due to a private complaint filed after the SEC filed the instant complaint and because shareholders 'intend' to file a case against the SEC." [DE 109] at 10. According to Plaintiff, the defense is "so vague and nonsensical that [it] should be stricken on [its] face." *Id.* Defendants only response is that the defense "alleges the SEC lacks jurisdiction with specific facts as to why it lacks jurisdiction." [DE 119] at 11. Plaintiff's reply reiterates what is stated in the Motion and characterizes the defense as confusing. I am equally confused. The defense is somewhat incoherent. Also, while the defense throws in buzz words like "res judicata" and "double jeopardy," it contains no logical explanation regarding how these concepts apply or why the Court or the SEC supposedly lacks jurisdiction. The defense appears to be patently frivolous. At the very least, it is clearly invalid as a matter of law. Therefore, it should be stricken.

**Twenty-Eighth Affirmative Defense:** This defense appears to generally deny liability on Count III of the Complaint. Defendants' response to the Motion states nothing more than Defendants "allege[] the factual basis." [DE 119] at 10. Without further explanation from Defendants, it is wholly unclear how this purported defense is anything more than a general denial. Therefore, it should be stricken.

**Twenty-Ninth Affirmative Defense:** This defense merely alleges that Defendants' statements were not material. Therefore, this defense, like Defendants' Sixth Affirmative Defense, amounts to a mere denial and should be stricken.

**Thirtieth Affirmative Defense:** This defense, which indicates it applies to Counts 5-7 (Plaintiff's claims under Section 10(b) and Rule 10b-5), denies that Defendants acted with fraudulent intent. Thus, it is not an affirmative defense. Rather, it denies the element of scienter. Therefore, it should be stricken.

**Thirty-First Affirmative Defense:** This defense merely denies that Defendants possessed the "requisite level of intent" needed for Plaintiff to prevail on its claims. Therefore, this defense is also a general denial that should be stricken.

**Thirty-Second and Thirty-Third Affirmative Defenses:** These defenses repeat word-for-word nearly all of what is stated in Defendants' Twenty-Second Affirmative Defense. Therefore, they are duplicative and should be stricken.

**Thirty-Fourth Affirmative Defense:** This defense, which indicates it applies to Count 8, is entitled "lack of control," and it generally states that Defendants relied on third-party professionals (specifically, attorneys and accountants). To the extent the defense is asserting a lack of control, it is a mere denial (given that Count 8 alleges Venters was a control person). To the extent it is raising reliance on the advice of counsel, it is duplicative given that the defense is already raised in the Second Affirmative Defense (a defense Plaintiff is not seeking to strike). Therefore, the Thirty-Fourth Affirmative Defense should be stricken.

**Thirty-Ninth Affirmative Defense:** This defense should be stricken as it denies the material allegations of Count 9 of the Complaint. In other words, it does not allege any legally sufficient affirmative defense.

**Fifty-First Affirmative Defense:** This defense repeats nearly word-for-word what is stated in Defendants' Fiftieth Affirmative Defense. Therefore, it is duplicative and should be stricken.

**Fifty-Eighth Affirmative Defense:** This defense raises a lack of scienter. It should be stricken for the same reason as the Third Affirmative Defense. It is also bare-bones and conclusory.

**Sixty-Fifth Affirmative Defense:** This defense is duplicative of multiple other defenses, including several defenses that already allege Defendants acted with diligence and care. Therefore, it should be stricken.

**Remaining Affirmative Defenses (7, 9, 12, 18, 19, 21, 22, 35, 36, 38, 40, 50, and 59):** The Motion should be denied as to these defenses. Plaintiff argues in a perfunctory manner in the Motion that these defenses are simply general denials that should be stricken. However, Plaintiff fails to elaborate or to provide any analysis whatsoever regarding these defenses. Although Plaintiff did not include any additional arguments in the Motion regarding certain defenses that I am recommending striking (for the reasons discussed above), it is far more obvious that the defenses I am recommending striking should be stricken. To be sure, there are issues with the remaining defenses that I am not recommending striking. For instance, Plaintiff correctly notes in its reply that defenses alleging good faith are effectively denying the scienter element of Plaintiff's fraud claims. However, the good faith defenses are not limited to Plaintiff's fraud claims, and Plaintiff fails to explain why good faith is a clearly invalid defense to Plaintiff's other claims. Ultimately, it was Plaintiff's job to explain why Defendants' affirmative defenses should be stricken. Given that Plaintiff did not do its job in showing why these remaining defenses are

14

patently frivolous or clearly invalid as a matter of law, the Court should not do Plaintiff's job for it. Rather, the Court should decline to strike these remaining defenses at this juncture.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 109] be **GRANTED IN PART and DENIED IN PART**. Affirmative defense numbers 1, 3, 4, 6, 10, 11, 13-17, 20, 23-34, 37, 39, 41-49, 51-58, and 60-68 should be stricken. Any other defenses that rely on the statute-of-limitations or estoppel should be stricken to the extent they rely on such defenses. However, the Motion should be denied as to affirmative defense numbers 5, 7, 9, 12, 18, 19, 21, 22, 35, 36, 38, 40, 50, and 59 (except to the extent they rely on an estoppel or statute-of-limitations defense).

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 26th day of July 2024.

*[signature]*
Jared M. Strauss
United States Magistrate Judge