UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61686-GAYLES/STRAUSS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,
v.

THE MOVIE STUDIO, INC., *et al.*,

    Defendants.
_____/

**ORDER**[1]

THIS MATTER came before the Court upon Plaintiff's Omnibus Motion *In Limine* ("Motion") [DE 197]. Having considered the Motion and all other pertinent portions of the record,[2] it is **ORDERED and ADJUDGED** that the Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

**1. Pre-Suit Investigation**

Plaintiff's request to preclude Defendants from criticizing Plaintiff's investigation is granted in part, by default, to the extent provided herein. The precise scope of Plaintiff's request and the arguments or evidence Plaintiff seeks to exclude are unclear. To the extent that Plaintiff

---

[1] This case has been referred to me for a ruling on all pre-trial, non-dispositive matters and a report and recommendation on all dispositive matters [DE 65].

[2] Defendants failed to file a timely response to the Motion. They did not file a response until 11 days after the due date, and only after judicial effort had already been expended on the Motion. Therefore, sufficient cause exists to grant the Motion by default (and the Court will not consider Defendants' untimely response). *See* S.D. Fla. L.R. 7.1(c)(1) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."). The Court finds it appropriate to grant certain – though not all – of the requested relief by default. Where any relief is being granted by default, the Court will so note below.

seeks to exclude arguments regarding Plaintiff's decision to bring this case or evidence regarding the process Plaintiff went through to make that decision, the Motion is granted.  The Court fails to see how such criticism would be relevant.  At the very least, the probative value (if any) of evidence regarding the propriety of Plaintiff's investigation and Plaintiff's decision to bring this case is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and/or wasting time.  Therefore, Defendants may not present arguments that Plaintiff's pre-suit investigation was not sufficiently thorough such that Plaintiff could not or should not have brought this enforcement action to begin with.

That said, the Court cannot presently imagine every permutation of this issue (and various other issues raised in the Motion) including what Plaintiff believes constitutes "criticizing" its investigation.  For example, identifying important information that Plaintiff failed to gather or consider could be seen as "criticizing" Plaintiff's investigation in a way that legitimately bears on whether Plaintiff has proven its case at trial.  Clearly, arguments regarding the sufficiency or veracity of Plaintiff's evidence (i.e., whether Plaintiff has proved its case at trial) are permissible. The point is that such arguments should focus on the evidence presented (or not presented) at trial, not whether that evidence was gathered before or after Plaintiff filed its Complaint.

### 2. Advice of Counsel

Plaintiff's request to exclude evidence and argument regarding Defendants' alleged reliance on the advice of counsel is denied without prejudice.  Plaintiff is correct that advice of counsel is not a defense to Plaintiff's claim under Section 15(a) of the Exchange Act.  That is because a Section 15(a) claim is a strict liability claim that does not require scienter.  *See Sec. & Exch. Comm'n v. VerdeGroup Inv. Partners, Inc.*, No. 2:21-CV-07663-SB-ADS, 2022 WL 2200409, at *3 (C.D. Cal. Jan. 14, 2022) ("Section 15(a) is a strict liability statute; neither scienter

nor negligence is required to prove its violation." (quoting *SEC v. Qi*, No. CV 17-08856-CJC(JCX), 2018 WL 5263187, at *7 (C.D. Cal. Mar. 21, 2018))); *see also Almagarby*, 92 F.4th at 1322 ("[S]ection 15(a) of the Exchange Act does not contain a scienter element."); *S.E.C. v. Merch. Cap., LLC*, 311 F. App'x 250, 252 (11th Cir. 2009). However, several of Plaintiff's claims, including Plaintiff's claims under Section 10(b) of the Exchange Act and Rule 10b-5, do require scienter. *See S.E.C. v. Goble*, 682 F.3d 934, 942-43 & n.3 (11th Cir. 2012); *see also* [DE 156] at 19-20. And reliance on the advice of counsel is "evidence of good faith, a relevant consideration in evaluating a defendant's scienter." *Howard v. S.E.C.*, 376 F.3d 1136, 1147 (D.C. Cir. 2004); *see also S.E.C. v. Merch. Cap., LLC*, 483 F.3d 747, 772 (11th Cir. 2007) (stating that in determining scienter, the district court should consider, among other things, "whether the advice of counsel they received was based on a full and complete disclosure . . .").

But simply because Defendants' alleged reliance on the advice of counsel may be relevant to certain claims does not on its own mean that Defendants are automatically entitled to present evidence and argument regarding reliance on the advice of counsel. Rather, "to qualify for an instruction on good faith reliance on the advice of counsel, a defendant must show that (1) he fully disclosed to his attorney all material facts that are relevant to the advice for which he consulted the attorney; and (2) thereafter, he relied in good faith on advice given by his attorney." *United States v. Hill*, 643 F.3d 807, 851 (11th Cir. 2011); *see also Sec. & Exch. Comm'n v. Kinetic Inv. Grp., LLC*, No. 8:20-CV-394-MSS-SPF, 2024 WL 4869623, at *33 (M.D. Fla. Nov. 22, 2024); *Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*, No. 20-CIV-81205-RAR, 2021 WL 5407308, at *8 (S.D. Fla. Nov. 19, 2021).

Based upon the information before the Court, the Court cannot conclude at this time whether or not Defendants have shown (or will be able to show) that they "fully disclosed to [their]

3

attorney all material facts that are relevant to the advice for which [they] consulted the attorney" and whether they then "relied in good faith on advice given by [their] attorney." *Hill*, 643 F.3d at 851. A defendant's burden to put forth sufficient evidence to support an advice of counsel jury instruction is "low." *Id*. Yet, Plaintiff raises legitimate concerns that introduction of evidence regarding attorney consultations, if Defendants cannot sufficiently support an advice of counsel instruction, risks enabling a "back door" advice of counsel defense (and allows introduction of otherwise irrelevant evidence). *See Sec. & Exch. Comm'n v. Tourre*, 950 F. Supp. 2d 666, 684-85 (S.D.N.Y. 2013). The best approach is for the Court to require Defendant to seek leave before referencing any advice of counsel defense to the jury and proffer to the Court how it will be able to establish such a defense. *See Sec. & Exch. Comm'n v. Kokesh*, No. 09-CV-1021 SMV/LAM, 2014 WL 11516545, at *3 (D.N.M. July 21, 2014) ("[I]n an effort to balance Plaintiff's legitimate Rule 403 concerns, the Court will require Defendant[s] to seek leave before referencing reliance on advice of [counsel] in the presence of the jury.")[3] And to the extent Defendants are ultimately permitted to present evidence or argument on the advice of counsel (if they make the required showing), Plaintiff may be entitled to an instruction that Defendants' reliance on the advice of counsel, if proven, does not affect whether Defendants are liable on Plaintiff's Section 15(a) claim.

---

[3] Further, as the court in *Kokesh* (a case Plaintiff cites in the Motion) stated:

> Defendant[s] will not be permitted to introduce argument or evidence regarding [reliance on the advice of counsel] without permission from the Court. Defendant[s] shall not mention at any time in the presence of the jury—including but not limited to voir dire, opening statement, and direct or cross examination—[reliance on the advice of counsel] without the Court's permission. . . . Requiring express permission from the Court prior to the mentioning of or reference to [reliance on the advice of counsel] will allow the Court to balance the probative value of the particular potential evidence or argument with the danger of confusing the issues or misleading the jury.

*Id.*

4

Lastly, Plaintiff argues that Defendants should not be able to raise reliance on the advice of counsel because they have refused to waive privilege. Because Defendants refused to waive privilege, Plaintiff states it was deprived of the opportunity to conduct discovery related to Defendants' alleged reliance on the advice of counsel. Plaintiff correctly notes in the Motion that a defendant advancing an advice of counsel defense waives privilege. But Plaintiff never sought Court intervention as to any discovery that Defendants refused to provide on attorney-client privilege grounds. Had Plaintiff sought Court intervention, it would have been entitled to obtain discovery within the scope of any waiver.[4] At any rate, if Defendants are permitted to raise reliance on the advice of counsel at trial (i.e., if they make the required showing under *Hill*), Plaintiff will be entitled to elicit testimony within the scope of the waiver (information that would have remained privileged absent waiver).

In sum, Defendants may only present evidence and argument regarding their alleged reliance on the advice of counsel if they make the required showing under *Hill*. Before presenting any such evidence or argument to the jury, Defendants must proffer how they will make the requisite showing to the Court outside the presence of the jury. And if the Court permits Defendants to present evidence and argument on their alleged reliance on the advice of counsel, the same should not be considered in determining liability on Plaintiff's Section 15(a) claim.

### 3. Personal Hardships

Plaintiff's request to exclude evidence regarding personal hardships Defendants may suffer as a result of this action is granted by default. The Court fails to see how such evidence is relevant

---

[4] I note that Plaintiff has been on notice that Defendants intended to raise reliance on the advice of counsel based on Defendants' Second Affirmative Defense. In fact, that was one of the few affirmative defenses that Plaintiff did not seek to strike when it previously filed a motion to strike nearly all of Defendants' affirmative defenses.

to liability. Even if such evidence could be relevant in any manner, its probative value would be substantially outweighed by a danger of unfair prejudice and/or confusing the issues.

### 4. Gary Metz

Plaintiff requests that Defendants "be prevented from raising improper character evidence regarding Gary Metz's prior arrests, convictions, and drug use." [DE 197] at 11. Plaintiff's request regarding prior arrests and convictions is granted by default and for the reasons discussed herein. Regarding convictions, Plaintiff has not stated what Mr. Metz's convictions were for. Regardless of what the convictions were for, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Therefore, Mr. Metz's prior convictions cannot be used to prove that he acted in some similar fashion during the events at issue in this case.

"Evidence of a witness's character may be admitted under Rules 607, 608, and 609." Fed. R. Evid. 404(a)(3). However, based on the information provided, the Court finds that Mr. Metz's convictions are not admissible under Rules 607, 608, and 609.[5] With respect to Rule 609, Plaintiff states that the convictions occurred between 1983 and 2005. Because the convictions were more than 10 years ago (and as there is no indication Mr. Metz was released from confinement within the last 10 years), evidence of the convictions is only admissible if: (1) their "probative value, supported by specific facts and circumstances, **substantially outweighs** [their] prejudicial effect; and (2) "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b) (emphasis added).

---

[5] Regarding Rule 608, it only allows testimony about a witness's reputation for having a character for truthfulness or untruthfulness or testimony in the form of an opinion about the witness's character for truthfulness or untruthfulness. While Rule 608(b) allows inquiries about specific instances of conduct to attack or support the witness's character for truthfulness, it does not apply to use of criminal convictions for such purposes, which is reserved for Rule 609.

Based upon the information provided, the Court cannot find that these conditions for admissibility are satisfied. Lastly, Plaintiff's request regarding drug use is largely granted (by default). Evidence regarding Mr. Metz's drug use may not be introduced at trial unless it bears on Mr. Metz's ability to perceive or remember events relevant to Plaintiff's claims.

### 5. Arrowhead Film Library

Plaintiff's request to preclude Mr. Venters from offering his opinion on the value of the Arrowhead Film Library is largely granted (by default). Mr. Venters may not testify to what he believes the value of the Arrowhead Film Library, or the value of any of the films contained therein, to be. He also may not provide his opinion regarding whether he believes valuations completed by others to be fair or reasonable. With that said, the Court again notes that it cannot presently imagine every permutation of this issue. Additionally, the Court makes no finding regarding the admissibility of the valuation completed by the independent advisory firm, and the Court makes no finding regarding whether Defendants' receipt or knowledge of that firm's valuation may be admissible for some purpose.

### 6. Jason Vanacour Bar Complaint

Plaintiff's request to preclude evidence, argument, or other reference to the bar complaint Defendants filed against Jason Vanacour is granted by default, with one limited exception. The fact that Defendants filed a bar complaint against Mr. Vanacour appears to be irrelevant (with the potential exception of impeachment if Mr. Vanacour testifies at trial). If Mr. Vanacour testifies at trial, the Court makes no determination at this time whether the fact that Defendants filed a bar

complaint against Mr. Vanacour may be elicited to demonstrate bias or to otherwise impeach Mr. Vanacour.[6]

### 7. Age of Conduct

Plaintiff's request to exclude arguments that the age of the conduct here absolves (or should absolve) Defendants of liability is granted by default.

### 8. Webcaptures

Plaintiff's request for the Court to find that its webcaptures are authenticated without the need for a live witness is denied without prejudice.  It is premature to address this issue at this juncture.  Plaintiff has not actually provided its authentication declarations (it only attached one sample declaration to the Motion).  Nor has Plaintiff specifically identified the particular exhibits to which it is referring.  Additionally, Defendants appear to have lodged identical objections to virtually every exhibit on Plaintiff's exhibit list, *see* [DE 225], which strongly suggests that the parties have not engaged in adequate conferral.

By **January 3, 2025**, counsel for the parties shall engage in adequate, reasonable, good faith conferral (via telephone, video conference, or in person) regarding this webcapture issue.  To the extent Defendants continue to object to any or all of Plaintiff's webcapture exhibits following conferral, the parties should address any such objections with the Court at calendar call (or as

---

[6] It is also unclear from the Motion whether Plaintiff is only seeking to exclude discussion of and references to the bar complaint, or whether Plaintiff is also seeking to exclude discussion regarding the "conduct" alleged in the bar complaint. *See* [DE 197] at 14 (arguing that "the conduct alleged in the Bar complaint does not tend to prove or disprove that Defendants committed securities fraud").  To the extent that Plaintiff is seeking to exclude evidence, arguments, or references to the "*conduct alleged* in the Bar complaint," the Court makes no determination whether the same should be excluded for two reasons: (1) it is unclear whether that is what the Motion is requesting; and (2) Plaintiff has not provided sufficient information regarding what "conduct" is alleged in the bar complaint.

otherwise directed by the Court).  Likewise, Plaintiff should address its alternative request – for its IT specialists to appear at trial via Zoom – at calendar call, if necessary.

### 9. Testimony of Louis Cimino

Plaintiff's request to admit the deposition transcript of Louis Cimino into evidence at trial is granted.  There does not appear to be any dispute that Mr. Cimino is dead and thus unavailable.  Moreover, Defendants have not contested Plaintiff's assertion that Mr. "Cimino's deposition was taken in connection with the current civil case and Defendants, who were represented by counsel, were present [and] had an opportunity to 'develop evidence by direct, cross-, or redirect examination' by participating during his deposition." [DE 197] at 18 (alteration adopted) (citation omitted).

However, Plaintiff's request to introduce Mr. Cimino's "investigative testimony" into evidence at trial is denied (unless the parties agree otherwise).  As Plaintiff acknowledges, Defendants were not present during Mr. Cimino's investigative testimony.  Moreover, there is no indication that Defendants were afforded the opportunity to be present for Mr. Cimino's investigative testimony.  Furthermore, Plaintiff fails to cite any law to support its position that Mr. Cimino's investigative testimony is admissible at trial.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 23rd day of December 2024.

Jared M. Strauss
United States Magistrate Judge