UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-cv-61686-GAYLES

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

THE MOVIE STUDIO, INC.
and GORDON SCOTT VENTERS,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Corrected Motion for Reconsideration of Magistrate Judge Strauss' Report and Recommendations (the "Report"), [ECF No. 156], and this Court's Order Adopting and Affirming the Report, [ECF No. 185], (the "Motion"). [ECF No. 203]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is **DENIED**.

**I.    BACKGROUND**

On August 13, 2021, the Securities and Exchange Commission ("SEC" or "Plaintiff") filed its Complaint against Defendants The Movie Studio, Inc. ("TMS"), a film production and distribution company, and Scott Venters ("Venters"), the President of TMS, (collectively, "Defendants"). [ECF No. 1]. In its Complaint, the SEC asserts that Defendants violated securities laws by inducing investors, through misrepresentations, to purchase TMS's fraudulent and unregistered securities. *Id*.

On December 28, 2023, the SEC moved for summary judgment as to all Counts. [ECF No. 107]. On July 26, 2024, Judge Strauss issued his Report recommending that the Court grant

summary judgment for the Plaintiff as to Count I which asserts that Defendants violated Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c). [ECF No. 156]. Judge Strauss also recommended that summary judgment be denied as to the remaining Counts. *Id*. Both parties filed objections to the Report. [ECF Nos. 167, 171]. On September 17, 2024, the Court overruled the parties' objections and affirmed and adopted the Report. [ECF No. 185].

On December 5, 2024, Defendants filed the instant Motion, seeking reconsideration of the Report's recommendation as to Count I and this Court's Order adopting the Report. [ECF No. 203]. On August 13, 2025, Plaintiff filed its Response in Opposition to Defendants' Motion. [ECF No. 249]. On August 21, 2025, Defendants filed their Reply. [ECF No. 250].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides for relief from final judgments or orders in limited circumstances. *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 230 (11th Cir. 2020). "The grounds for granting a Rule 60(b) motion to vacate are (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by an opposing party; (4) void judgment; (5) satisfied judgment; or (6) any other reason that justifies relief." *Jones v. S. Pan Servs.*, 450 F. App'x 860, 863 (11th Cir. 2012). "The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion." *Pena v. United States Coast Guard Seventh Dist.*, No. 18-23188-CIV, 2019 WL 6210959, at *1 (S.D. Fla. Nov. 21, 2019) (citation omitted). "[R]econsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (internal quotation omitted). "[A] motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to ask the Court to rethink what it ha[s] already thought through—rightly or wrongly." *Gold Cross EMS, Inc. v. Children's Hosp. of Alabama*, 108 F. Supp.

2

3d 1376, 1379 (S.D. Ga. 2015), *aff'd*, 648 F. Appx. 976 (11th Cir. 2016) (internal quotation omitted). A motion for reconsideration "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (internal quotation omitted).

### III. ANALYSIS

In their Motion, Defendants ask the Court to reconsider granting summary judgment for the SEC regarding Count 1, which alleges that Defendants violated sections 5(a) and 5(c) of the Securities Act. "Section 5 of the Securities Act prohibits the use of any means of interstate commerce or the mails to offer to sell or offer to buy any security without having first filed a registration statement with the SEC as to such security." *Sec. & Exch. Comm'n v. Levin*, 849 F.3d 995, 1001 (11th Cir. 2017). "In order to establish a prima facie case for a violation of § 5 of the Securities Act, the SEC must demonstrate that (1) the defendant[s] directly or indirectly sold or offered to sell securities; (2) through the use of interstate transportation or communication and the mails; (3) when no registration statement was in effect." *Big Apple Consulting USA, Inc.*, 783 F.3d 786, 806–07 (11th Cir. 2015). Once the SEC establishes a prima facie case, it is the Defendant's burden to demonstrate that it is entitled to an exemption. *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1255 (9th Cir. 2013) (citation omitted). "[E]xemptions must be narrowly viewed because, as remedial legislation, the Securities Act is entitled to a broad construction." *Levin*, 849 F.3d at 1001.

Issuers of securities can be exempted from filing a registration statement if they meet the requirements of 17 C.F.R. § 230.506 ("Rule 506"). To qualify for a Rule 506 exemption, the issuer of the security must reasonably believe that there are no more than thirty-five nonaccredited

3

purchasers, investors must be provided with a financial statement, and the financial statement must be in compliance with generally accepted accounting principles ("GAAP") in the United States. *Sec. & Exch. Comm'n v. GenAudio Inc.*, 32 F.4th 902, 942 (10th Cir. 2022); 17 C.F.R. § 230.506(b)(2)(i); 17 C.F.R. § 230.502(b)(2)(i)(B)(1). A non-accredited investor is an investor whose net worth does not exceed $1,000,000. *See Levin*, 849 F.3d at 1001. Nevertheless, a non-accredited investor must have "such knowledge and experience in financial and business matters that he is capable of evaluating the merits and risks of the prospective investment, or the issuer reasonably believes immediately prior to making any sale that such purchaser comes within this description." 17 C.F.R. § 230.506(b)(2)(ii).

It is undisputed that Defendants offered to sell securities via interstate communication without a registration statement. [ECF No. 156 at 5–7]. Even so, in their Response in Opposition to Plaintiff's Motion for Summary Judgment, Defendants argued that they qualified for a Rule 506(b) exemption. [ECF No. 125 at 16–21]. Judge Strauss found, and this Court agreed, that Defendants failed to demonstrate that there were less than 35 nonaccredited investors or show that they provided the requisite financial statement information[.]" [ECF No. 156 at 11]. Defendants did not "explain what specific financials were provided to non-accredited investors, provide any proof that these specific financials were sent to those investors, or elaborate on how such financials were certified. Nor [did] they attempt to explain how whatever they did provide satisfies § 230.502(b) – and thus Rule 506(b)." *Id*. (internal quotation omitted).

To support reconsideration of the Court's findings, Defendants now argue that their mistakes and the mistakes of their counsel caused Defendants to miscalculate the number of nonaccredited investors. [ECF No. 203]. Specifically, Defendants argue that some of their investors exchanged services for stock, which makes them accredited investors; and after correctly

4

assessing the number of investors, there were only 32 nonaccredited investors. *Id*. The quality of Defendants' evidence, however, is not of "a strongly convincing nature" warranting the reconsideration of the Court's Order. *Socialist Workers Party*, 957 F. Supp. at 1263.

First, the Court is not persuaded that individuals who exchange services for stocks are accredited investors. Section 230.501, the regulation which defines accredited investors and provides 13 separate individuals and entities that qualify, does not mention or even contemplate individuals exchanging services for stocks. *See* 17 C.F.R. § 230.501(a). Even if this was true, the evidence Defendants proffer to establish the number of nonaccredited investors is insufficient. Defendants only proffer Venters' self-serving affidavit, stating there were only 32 nonaccredited investors, and a typed investor list with handwritten notes labeling certain individuals as nonaccredited. [ECF No. 203-1]. Additionally, the affidavit and the list do not explain how the nonaccredited investors "were capable of evaluating the merits or risk of the investments" or, alternatively, why Defendants reasonably believed these individuals met this description. 17 C.F.R. § 230.506(b)(2)(ii). Thus, Defendants have not demonstrated there were 32 nonaccredited investors who were capable evaluating the merits and risks of the investments. On this basis alone, Defendants cannot demonstrate that they have met Rule 506(b)'s exemption requirements,

Importantly, Defendants have not shown that their financial statements satisfied GAAP, as required by § 230.502(b)(2)(i)(B)(1). 17 C.F.R. § 230.502(b)(2)(i)(B)(1). Instead, Defendants argue that they provided investors with links to their Yahoo! Finance page which includes financial information vetted by Defendants' Certified Public Accountant. Even if this satisfied the regulation's requirements, which it does not, Defendants have not provided credible evidence to support this claim. Defendants proffer an "email template" but not the actual emails they purportedly sent to investors. [ECF No. 203-1 at 3–4, 9–12]. To excuse their failure to provide

financial statements in accordance with GAAP, Defendants argue that the SEC's website does not demand that issuers of securities provide "audited balance sheets" and only suggests it in some cases. [ECF No. 203 at 10–11]. But, Defendants' misplaced reliance on the website does not warrant a Rule 506 exemption or the Court's reconsideration of its Order. *Tassinari v. Key W. Water Tours, L.C.*, No. 0610116CIV-MOORE, 2007 WL 1879172, at *4 (S.D. Fla. June 27, 2007) ("[I]gnorance of the law is not a defense.").

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Corrected Motion for Reconsideration of Magistrate Judge Strauss' Report and Recommendations and this Court's Order, [ECF No. 203], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of September, 2025.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE